UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANDRA KNIGHT AND GREGG STIEBER, INDIVIDUALLY, AND AS TRUSTEES OF THE FORT WORTH FOUNDATION TRUST AND NORMAN KRONICK-TEXAS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY AND RICHARD C. LAMERE, <br><br>Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: _____ |

### DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Philadelphia Indemnity Insurance Company ("Defendant" or "Philadelphia"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.   INTRODUCTION

1.   This is an insurance coverage and bad faith case. On or about June 1, 2016, Plaintiffs Sandra Knight and Gregg Stieber, Individually and as Trustees of the Fort Worth Foundation Trust, and Norman Kronick-Texas, Inc. ("Plaintiffs") filed their Original Petition in Cause No. 141-285772-16 in the 141st Judicial District Court of Tarrant County, Texas, initiating a civil cause of action against Philadelphia and Richard C. Lamere ("Lamere") (collectively "Defendants"). Exhibit C.

2.   Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs

and Defendant Philadelphia. Additionally, Lamere has been fraudulently joined for the purpose of defeating diversity.

3. Plaintiffs allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against Philadelphia. As to Lamere, Plaintiffs assert claims for violations of Chapter 541 of the Texas Insurance Code. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. Philadelphia received the Citation and Plaintiffs' Original Petition by personal delivery on or about June 3, 2016. Exhibits D. Philadelphia filed its Original Answer on June 24, 2016. Exhibit F. Lamere received the Citation and Plaintiffs' Original Petition by personal delivery on June 3, 2016. Exhibit E. Lamere filed his answer on June 24, 2016. Exhibit G.

5. Philadelphia now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Parties.

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiff Sandra Knight was a resident of Tarrant County, Texas. Plaintiff Gregg Stieber was a resident of the State of Washington. In determining diversity jurisdiction, the state where someone

establishes his residence serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). Thus, Plaintiff Sandra Knight is considered to be a citizen of Texas and Plaintiff Gregg Stieber is considered to be a citizen of Washington.

8. Plaintiff Norman Kronick-Texas, Inc. was incorporated in Texas and, at the time this action commenced, maintained its principal place of business in Tarrant County, Texas. Accordingly, Plaintiff Norman Kronick-Texas, Inc. is considered to be a citizen of Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

9. Philadelphia was, at the time this action was commenced, and still is, a citizen of Pennsylvania because it was incorporated in Pennsylvania and maintains its principal place of business in Bala Cynwyd, Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

10. Although Defendant Lamere is a citizen and resident of the state of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiffs have not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.*, 385 F.3d 568, 571 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

11. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc.*, 344

F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds,* 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Lamere. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

12.     In order to assert a cognizable claim, plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's,* No. H–11–2376, 2012 WL 1038678,

*7 (S.D. Tex. March 27, 2012) (Harmon, J.). *See also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. Civ. A. H–09–1728, 2009 WL 3602043, *3 (S.D. Tex. Oct.27, 2009) (Werlein, E.) (listing violations of the Insurance Code committed by the insurance company and incorporating those same violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster].... Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

13.    Plaintiffs' factual allegations regarding Defendant Lamere do not form the basis of an independent cause of action against him as opposed to the carrier. Rather, Plaintiffs have filed suit against Lamere for the same reasons that Plaintiffs filed suit against Philadelphia. They are unhappy that Philadelphia denied coverage for any defense or indemnity costs incurred by the Plaintiffs in the underlying lawsuit.

14.    Texas law does not contemplate that adjusters like Lamere will be held individually liable for the insurance carrier's decision on a claim. The Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).

15.    Plaintiffs allege Lamere violated Texas Insurance Code § 541.060(a)(2)(A) for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim for which the insurer's liability has become reasonably clear." However, Texas courts have held that an

adjuster cannot be held liable under this section of Chapter 541. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-725 (N.D. Tex. 2014) (Solis, J.) (holding that an adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer]" and that "the bad behavior that [541.060(a)(2)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation."); *see also One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277, *4-5 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.). Plaintiffs also allege Lamere violated Texas Insurance Code § 541.060(a)(4) for "failing within a reasonable time to affirm or deny coverage of a claim to a policyholder or submit a reservation of rights to a policyholder." Texas courts have also held that an adjuster cannot be individually liable under this section of Chapter 541. In the *One Way Investments* case, Judge Fitzwater stated as follows:

> Finally, One Way cannot recover against Mattoni under § 541.060(a)(4)(A), which provides that it is an unfair settlement practice to "fail[ ] within a reasonable time to ... affirm or deny coverage of a claim to a policyholder [.]" The court has located no case under § 541.060(a)(4)(A) or its predecessor statute indicating that it applies to adjusters. Cases that discuss this section refer to the obligations of insurers. [citations omitted] Borrowing language and reasoning from *Messersmith,* the court holds that an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.

*Id.* at *5.

16. Based upon the allegations in the Plaintiffs' live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Lamere for Plaintiffs' Chapter 541 claims or that Plaintiffs can establish a cause of action against him in state court. Lamere has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and, as a result,

his citizenship should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants. Furthermore, because Lamere was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

### C. The Amount in Controversy Exceeds $75,000.

17. Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 . . . ." Exhibit C.

### III. VENUE

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Tarrant County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Index of Matters Being Filed |
| B. | Docket Sheet |
| C. | Plaintiffs' Original Petition filed on June 1, 2016 |
| D. | Return of Service on Philadelphia Indemnity Insurance Company filed on June 3, 2016 |
| E. | Return of Service on Richard C. Lamere filed on June 3, 2016 |
| F. | Philadelphia Indemnity Insurance Company's Answer and Affirmative Defenses filed on June 24, 2016 |

| EXHIBIT | DESCRIPTION |
|---|---|
| G. | Richard Lamere's Answer and Affirmative Defenses filed on June 24, 2016 |
| H. | Order Setting Pre-Trial Hearing for July 29, 2016 |

20. This Notice of Removal is being filed within thirty (30) days of service of the Citation and the Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant Philadelphia with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

21. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 141st Judicial District Court of Tarrant County, Texas promptly after filing of same.

24. Plaintiffs have not made a jury demand.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company respectfully requests that the above-captioned action now pending in the 141st Judicial District Court of Tarrant County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully Submitted,

*[signature]*

LISA M. HENDERSON
State Bar No. 24025423
lisa.henderson@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 227-8200 (Telephone)
(469) 227-8004 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 1st day of July, 2016.

*[signature]*

LISA M. HENDERSON